IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIEGO ARMANDO CHIROY PEREZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, MICHAEL T. ROSE, Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office, KRISTI NOEM, Secretary of the Department of Homeland Security, PAMELA BONDI, U.S. DEPARTMENT OF HOMELAND SECURITY, EXECUTIVE OFFICE OF IMMIGRATION REVIEW** | : | **NO. 26-1065** |

## ORDER

**NOW**, this 20th day of February, 2026, upon consideration of Petitioner Diego Armando Chiroy Perez's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Chiroy Perez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Chiroy Perez from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **5:00 P.M. E.T.** on **February 21, 2026**.

3. The government is temporarily enjoined from re-detaining Chiroy Perez for seven days following his release from custody.

4. If the government pursues re-detention of Chiroy Perez, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5.      The government shall not remove, transfer, or otherwise facilitate the removal of Chiroy Perez from the Commonwealth of Pennsylvania prior to the ordered bond hearing.

6.      If the immigration judge determines Chiroy Perez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Chiroy Perez if unforeseen or emergency circumstances arise that require his removal from the Commonwealth of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]


TIMOTHY J. SAVAGE, J.

---

[1] Chiroy Perez, a citizen of Guatemala, entered the United States in June 2024.  Pet. Writ Habeas Corpus ["Pet."] ¶ 24, ECF No. 1.  He was encountered by DHS agents shortly thereafter, placed in removal proceedings, and released on his own recognizance.  *Id.* ¶ 25.  Chiroy Perez has since lived in Phoenixville, Pennsylvania with his ten-year-old daughter and maintained steady employment as a dishwasher at local restaurants.  *Id.* ¶¶ 26, 45–46.  He has fully complied with all conditions of his release and removal proceedings.  *Id.* ¶ 71.  He has never been charged, arrested, or convicted in connection with a crime.  *Id.*

On February 18, 2026, Chiroy Perez was on his way to work when Immigration and Customs Enforcement ("ICE") agents executing a raid on his neighborhood detained him and took him into custody.  *Id.* ¶ 28.  He was held at the Federal Detention Center in Philadelphia before being transferred to the Moshannon Valley Processing Center in the Western District of Pennsylvania.  *See* Respondents' Opp'n to Pet. for Writ of Habeas Corpus ["Opp'n"] 4 n.3, ECF No. 6.  Because Chiroy Perez filed his habeas petition while still detained in Philadelphia, *see* Pet. ¶ 2, we retain jurisdiction.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (citing *Ex parte Endo*, 323 U.S. 283 (1944)); *see also* Opp'n 4 n.3 (stating respondents do not dispute that jurisdiction over Chiroy Perez's petition remains with this Court).

The government has denied Chiroy Perez the opportunity to seek review of his custody determination by an immigration judge.  *See* Pet. ¶ 4.  It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2).  *See* Opp'n 5–7.

Section 1225(b)(2) does not apply to individuals like Chiroy Perez, who are not actively trying to enter the country, but have been living here for an extended period.  *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Chiroy Perez is 8 U.S.C. § 1226(a).  That provision mandates a hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment.  *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025).  The same reasoning applies here.

2